**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMIKO RANSOME, | No. 12-15516 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-02317-GSA |
| v. | |
| L. LONGERO, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted December 19, 2012[***]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

California state prisoner Kimiko Ransome appeals pro se from the district

court's judgment dismissing sua sponte her 42 U.S.C. § 1983 action for failure to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Ransome consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We vacate and remand.

Dismissal before defendant's appearance in the case was improper because Ransome alleged in her complaint that she had completed the prison grievance process and exhausted her available administrative remedies prior to filing suit. *See Jones v. Bock*, 549 U.S. 199, 214-16 (2007) (exhaustion is an affirmative defense and sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes her failure to exhaust).

**VACATED and REMANDED.**